UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT RUNGE,
JOELL RUNGE,
REBECCA RUNGE,

                      Plaintiffs,                    **Hon. Hugh B. Scott**

                                                                     09CV792A

                           v.                          **Order**

ERIE INSURANCE GROUP also known as ERIE INSURANCE
COMPANY,

                      Defendant.

Before the Court is plaintiffs' motion to compel and to amend the Scheduling Order[1] (Docket Nos. 17, 18[2]). The briefing schedule for this motion had responses due by March 1, 2010, and any reply due by March 10, 2010, with the motion submitted (without oral argument) on March 10, 2010 (Docket No. 19).

---

[1] Docket No. 15.

[2] Docket No. 17 was terminated due to ECF filing error, Docket No. 19.
In support of this motion, plaintiffs filed their attorneys' affirmation with exhibits, Docket No. 18; plaintiffs' attorney's reply affirmation (with exhibits), Docket No. 22. In opposition, defendant submits its attorney's affirmation (with exhibits, its responses to the document demands and Interrogatories), Docket No. 20.

BACKGROUND

This is a removed diversity[3] contract action, seeking damages for breach of an insurance contract (Docket No. 1, Notice of Removal). Plaintiffs (parents Robert and Joell Runge and their daughter Rebecca) sued defendant insurer for failing to reimburse them for the costs of replacing their home following a fire (id., Ex. A, Compl. ¶ 1). Defendant removed this action (id.) and answered on September 14, 2009 (Docket No. 6). The Court later entered a Scheduling Order (Docket No. 15) in which plaintiffs' expert disclosure was due by January 29, 2010, discovery was to be completed by April 22, 2010, and dispositive motions were due by July 22, 2010 (id.).

*Plaintiffs' Motion to Compel*

On January 20, 2010, plaintiffs Robert and Joell Runge moved to compel defendant's response to their discovery demands (Docket No. 18). The moving plaintiffs contend that defendant "has consistently and repeatedly refused to provide any information or documentation to support its denial of the Runges' claim for the full amounts spent by them to replace their home," (id., Pls. Atty. Affirm. ¶ 3). Instead, they argue that defendant "has relied upon vague and unsubstantiated claims that the replacement home constructed by the Runges contains unidentified 'improvements' or 'betterments,' and unsubstantiated and clearly false allegations that the Runges have not adequately documented the amounts spent to replace their home," (id., Pls. Atty. Affirm. ¶ 4). Plaintiffs sought from defendant a list of the alleged improvements but defendant has not responded (id. ¶¶ 5, 10, Exs. C, D). This refusal has prevented plaintiffs from providing their expert disclosure (id. ¶ 6). Plaintiffs sought responses to their document demands

---

[3]Plaintiffs are New York residents and defendant is a Pennsylvania corporation, Docket No. 1, Notice of Removal ¶ 5.

and Interrogatories within 30 days in order to have that information prior to the Court's mediation (id. ¶¶ 11, 12, Ex. E). After plaintiffs declined to grant defendant a thirty-day extension to respond, defendant wrote that it would not be providing any non-Rule 26 discovery prior to the mediation (id. ¶ 13, Ex. F). Plaintiffs replied that failure to provide even a item-by-item listing of why plaintiffs' documentation was insufficient or a list of the alleged improvements would render the mediation unproductive (id. ¶ 14, Ex. G) and the mediation session occurred and was not successful (id. ¶ 16; see Docket No. 16, mediation certificate).

Plaintiffs wrote stating that they expected discovery responses by December 31, 2009, but they had not received any responses (Docket No. 18, Pls. Atty. Affirm. ¶ 17, Ex. H). Plaintiffs seek an Order compelling responses to their first set of document demands and First Set of Interrogatories within five days of entry of the Order (id. ¶ 18).

As for the Scheduling Order, due to defendant's failure to produce, plaintiffs seek a sixty-day extension of the Scheduling Order (id. ¶¶ 22, 19-21). Finally, plaintiffs seek fees for their filing this motion (id. ¶¶ 23-27).

Defendant responds that it provided responses to plaintiffs' document demands and Interrogatories on March 1, 2010 (Docket No. 20, Def. Atty. Affirm. ¶¶ 3, 4, Exs. A, B; cf. Docket No. 22, Pls. Atty. Reply Affirm. ¶ 7), concluding that plaintiffs' motion should be denied (Docket No. 20, Def. Atty. Affirm. ¶ 6).

In reply, plaintiffs dispute whether defendant's production is responsive (Docket No. 22, Pls. Atty. Reply Affirm. ¶¶ 10-15). First, plaintiffs complain that there was not justification for the three-month delay in responding to their discovery demands (id. ¶ 7). Next, they stress the inadequacy of the discovery produced (id. ¶¶ 10-14), still failing to produce the factual basis for

3

denial of their insurance claim (id. ¶ 10) or defendant's claim manual (id. ¶¶ 13, 14, Ex. B). Plaintiffs conclude that, despite defendant's assertion, defendant waived any objection it may have had by not serving timely responses (id. ¶ 11). Since defendant fails to offer any justification for its belated and inadequate discovery responses, plaintiffs renew their application for recovery of their motion costs (id. ¶¶ 8-9, 15).

DISCUSSION

I.  Motion to Compel

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(1). Even if disclosure is made after the motion to compel is filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," Fed. R. Civ. P. 37(a)(5)(A).

4

Here, defendant contends that it produced the documents and interrogatories sought by plaintiffs (Docket No. 20), but doing so in the face of this pending motion. The service of discovery responses does not moot a motion to compel, since there remains an issue of the sanctions for compelling plaintiffs to make the motion for this discovery as well as whether defendant's belated production is satisfactory to plaintiffs. Given plaintiffs' objections to the belated and incomplete discovery, their motion to compel a complete production is **granted**. The sanctions are discussed below.

II.     Motion for Extension of Scheduling Order

Plaintiffs also moved for extension of the Scheduling Order (Docket No. 18), by sixty days from entry of this Order; that motion is **granted**, additional time will be added to the existing schedule. The new schedule is as follows, plaintiffs' expert disclosure is due by **May 12, 2010**; motions to compel further discovery are due by **July 12, 2010**; discovery shall conclude on **August 12, 2010**; dispositive motions, if any, shall be filed on later than **November 12, 2010**; referral to mediation shall terminate on **October 15, 2010**. All other dates and conditions not amended by this Order remain in effect from the initial Scheduling Order (Docket No. 15).

III.    Movants' Attorney's Fees as Sanction

Plaintiffs move to recover their fees for their making this motion (Docket No. 18, Pls. Atty. Affirm. ¶¶ 23-27), noting that defendant's belated and incomplete production was not justified so as to excuse imposition of a cost sanction (Docket No. 22, Pls. Atty. Reply Affirm. ¶¶ 7, 9). Defendant does not discuss this aspect of the motion.

5

Pursuant to Rule 37, the parties shall be given an opportunity to be heard on this issue. Plaintiffs shall submit an affidavit of their motion costs by **fourteen (14) days** from entry of this Order; defendant may respond (including arguing why imposition of costs here would be unjust, see Fed. R. Civ. P. 37(a)(5)(i)-(iii)) within **twenty-one (21) days** from entry of this Order.

CONCLUSION

For the reasons stated above, plaintiffs' motion to compel (Docket No. 18) is **granted**. Plaintiffs' motion for extension of the Scheduling Order (id.) is **granted**; the new schedule (as set forth above) is as follows, plaintiffs' expert disclosure is due **May 12, 2010**; motions to compel further discovery are due by **July 12, 2010**; discovery shall conclude on **August 12, 2010**; dispositive motions, if any, shall be filed on later than **November 12, 2010**; referral to mediation shall terminate on **October 15, 2010**.

As for plaintiffs' motion for recovery of their moving costs, plaintiffs shall submit an affidavit of their motion costs by **fourteen (14) days** from entry of this Order; defendant may respond (including arguing why imposition of costs here would be unjust, see Fed. R. Civ. P. 37(a)(5)(i)-(iii)) within **twenty-one (21) days** from entry of this Order.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
March 19, 2010