UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT RUNGE,
JOELL RUNGE,
REBECCA RUNGE,

                          Plaintiffs,                     **Hon. Hugh B. Scott**

                                                         09CV792A

                            v.                               **Order**

ERIE INSURANCE GROUP also known as ERIE
INSURANCE COMPANY,

                          Defendant.

Presently before the Court is plaintiffs' application (Docket No. 26) for its motion expenses from their motion to compel and to amend the Scheduling Order (Docket Nos. 17, 18). This Court granted plaintiffs' motion to compel (Docket No. 23, Order of Mar. 19, 2010); familiarity with that Order is presumed. That Order allowed plaintiffs to submit their application to recover motion costs (id. at 5-6), with the application due by April 2, 2010, and any reply due by April 9, 2010, with the application submitted (without oral argument) on April 9, 2010 (id.). Plaintiffs now seek to recover $3,000 in attorneys' fees relative to this motion (Docket No. 26, Pls. Atty. Aff. ¶ 3). Also pending is defendant's motion for judgment on its pleadings (Docket No. 24).

Plaintiffs submitted their application (Docket No. 26[1]) and defendant responded in opposition (Docket No. 27[2]).

BACKGROUND

This is a removed diversity[3] contract action, seeking damages for breach of an insurance contract (Docket No. 1, Notice of Removal). Plaintiffs (parents Robert and Joell Runge and their daughter Rebecca) sued defendant insurer for failing to reimburse them for the costs of replacing their home following a fire (id., Ex. A, Compl. ¶ 1).

*Plaintiffs' Motion to Compel*

On January 20, 2010, plaintiffs Robert and Joell Runge moved to compel defendant's response to their discovery demands (Docket No. 18). Plaintiffs wrote stating that they expected discovery responses by December 31, 2009, but they had not received any responses (id., Pls. Atty. Affirm. ¶ 17, Ex. H). In response to this motion, defendant stated that it served its discovery production on March 1, 2010 (Docket No. 20, Def. Atty. Affirm. ¶¶ 3, 4, Exs. A, B), the same time responses to the motion to compel were due (see Docket No. 19). Plaintiffs then challenged the timeliness and responsiveness of this production (Docket No. 22, Pls. Atty. Reply Affirm. ¶¶ 7, 10-15).

Plaintiffs' motion was granted, despite defendant's production of discovery while the motion was pending (Docket No. 23).

---

[1]In support of this application, plaintiffs submitted their attorney's affidavit with exhibits, Docket No. 26, and their attorney's reply affidavit with exhibits, Docket No. 29.

[2]In response, defendant submitted its attorney's affidavit, Docket No. 27.

[3]Plaintiffs are New York residents and defendant is a Pennsylvania corporation, Docket No. 1, Notice of Removal ¶ 5.

*Plaintiffs' Fee Application*

Plaintiffs moved to recover their fees for moving to compel (Docket No. 18, Pls. Atty. Affirm. ¶¶ 23-27), noting that defendant's belated and incomplete production was not justified so as to excuse imposition of sanctions (Docket No. 22, Pls. Atty. Reply Affirm. ¶¶ 7, 9). Defendant initially did not discuss this aspect of the motion.

Pursuant to Rule 37, the parties were given an opportunity to be heard on this issue. Plaintiffs were to submit an affidavit of their motion costs by fourteen days from entry of the Order to compel (or by April 2, 2010); and defendant responded (including arguing why imposition of costs here would be unjust, see Fed. R. Civ. P. 37(a)(5)(i)-(iii)) within twenty-one days from entry of this Order (or by April 9, 2010) (Docket No. 23, Order at 6).

Plaintiffs now seek to recover $3,000 in attorneys' fees relative to their motion (Docket No. 26, Pls. Atty. Aff. in support of Fee Appl. ¶ 3, Ex. A). Plaintiffs' counsel, a practitioner before this Court for nineteen years, quoted a rate of $200 per hour, and claims spending 6.4 hours drafting the original motion to compel papers and 8.6 hours drafting the reply papers (including reviewing defendant's discovery production), for a total of 15 hours (id. ¶¶ 4, 5, 6-7).

Defendant argues, first, that it sought a stipulation extending time for completing discovery which plaintiffs' denied (Docket No. 27, Def. Atty. Aff. ¶ 5). Defendant also offered to produce for review a redacted version of the claim file, containing much of the documents sought to be produced (id. ¶ 6). Defense counsel then treated the briefing schedule as an extension of the discovery demand deadlines (id. ¶ 7). Defendant argues that these and other extenuating factors (the end of year business rush and deadlines in other cases) existed that prevented a more timely discovery response (id. ¶ 11). Defendant objects to the fee application

3

since the majority of time claimed occurred after its responses were served, concluding that defendant should not pay for the time spent in otherwise normal review of discovery production (id.). Since the only transgression here was defendant's untimely discovery production, defendant concludes that (if any sanction should imposed) it should only be for the costs incurred by plaintiffs in making their original motion (id. ¶ 13).

In their reply, plaintiffs state that defense counsel admits to delaying production by five and a half weeks while the motion to compel was pending (Docket No. 29, Pls. Atty. Reply Aff. ¶ 12). They also note that defendant's pending motion for judgment on the pleadings (usually filed at the outset of a case) was filed months later, providing another example of the "additional costs on [defendant's] insured and . . . delay" of payment owed to plaintiffs (id. ¶ 14). Plaintiffs conclude that defendant should be sanctioned because of defendant's pattern of delay (id. ¶¶ 14, 15).

## DISCUSSION

I.   Movants' Reasonable Attorney's Fees as Sanction

Under Federal Rule of Civil Procedure 37, a movant is entitled to recover its reasonable costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as

4

reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see also Perdue v. Kenny A., No. 08-970, 2010 U.S. LEXIS 3481, at *16-19 (U.S. Apr. 21, 2010) (discussing lodestar methodology and enhancement of fee in extraordinary cases, in civil rights fee awards), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred (not sought here). In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" Arbor Hill, supra, 493 F.3d at 111.

Here, defendant does not object to the reasonableness of plaintiffs' counsel's rate. The issue is whether the full 8.6 hours claimed following defendant's response to the motion to compel (and production of discovery responses) should be reimbursed as a discovery sanction.

A.      Whether Imposition of Sanctions Would Be Unjust Here

The Court first must determine if defendant's untimely production either was substantially justified or whether other circumstances make an award of expenses unjust, Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). As for the first ground for denying expense sanctions, whether the movants filed their motion before attempting in good faith to obtain the disclosure without court

5

action, id. R. 37(a)(5)(A)(i), the closest to a challenge on this ground is the refusal of plaintiffs' to grant a courtesy extension asked for by defense counsel when the production deadline came due (cf. Docket No. 27, Def. Atty. Aff. ¶¶ 5, 11). But plaintiffs have established their attempts to obtain this material short of motion practice; they were not obligated to agree to defendant's sought extension in order to obtain this production.

As for substantial justification or other circumstances, defendant points to the crush of business and work load from other cases at the end of the year when plaintiffs' discovery in this case was due. Aside from requesting a stipulation from the plaintiffs (to no avail), defendant did not seek a protective Order or other relief from the Court to gain an extension of time for its production. The press of business and the demands of other cases in the office is not sufficient as a "substantial justification" for not responding to plaintiffs' discovery demands in a more timely manner. Further, this excuse does not address plaintiffs' contention that the materials that were produced were insufficient and not fully responsive to their demands. Thus, the imposition of discovery sanctions here **would not be unjust**. The next issue is the appropriate amount of reasonable motion expenses that should be imposed as a sanction here.

B.     Appropriate Sanction

Defendant argues that it is not reasonable to award plaintiffs their attorneys' time in reviewing the discovery produced in the face of their motion to compel (an act plaintiffs' counsel would have to do in any event) as a sanction for not producing it sooner. But, as stated above regarding defendant's argument as to the justification for sanctions, plaintiffs' counsel needed to review what was produced to see if it was responsive (later deeming parts of it not to be). Thus,

the time expended as part of their reply, some part of the 8.6 hours claim, **is justified, reasonable, and recoverable**.

Defendant does not object to the time expended in making the motion (or in drafting the actual reply) nor objects to the rate quoted by plaintiffs' counsel. Therefore, plaintiffs' application for fees is **granted in their entirety**.

II.     Party Responsible for Sanction

Under Rule 37(a)(5)(A), either the party or its counsel (or both) are responsible for the movants' reasonable moving expenses. The next issue here is which of these (the party, counsel, or both) will be held responsible for these expenses. Attribution of the sanction was not addressed by plaintiffs or raised by defendant, although defense counsel states that counsel misconstrued the briefing schedule as an extension of time for discovery responses (hence delaying defendant's production) (cf. Docket No. 27, Def. Atty. Aff. ¶ 7). Otherwise, it is not clear whether defendant or its counsel was responsible for the delay and format of the objectionable discovery production . As a result, **both defendant and its counsel are jointly responsible for this sanction**.

CONCLUSION

For the reasons stated above, plaintiffs' motion to recover their moving costs, plaintiffs **are granted $3,000.00**, payable **jointly by defendant and its counsel**.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       May 24, 2010