UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT RUNGE,
JOELL RUNGE,
REBECCA RUNGE,

                Plaintiffs,

                **Hon. Hugh B. Scott**

           v.                09CV792A

                **Report**
                **&**
ERIE INSURANCE GROUP also known as    **Recommendation**
ERIE INSURANCE COMPANY,

                Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 10). The instant matter before the Court is defendant's motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c) (Docket No. 24[1]), seeking dismissal of certain claims asserted in this case. The briefing schedule for this motion had responses due by April 14, 2010, and any reply due by April 21, 2010 (Docket No. 25). The motion was argued on April 28, 2010, and, at the conclusion of the argument, the Court reserved decision (Docket No. 32).

---

[1] In support of this motion, defendant submits its attorney's affidavit with exhibits, its memorandum of law, Docket No. 24; its attorney's reply affidavit, Docket No. 30; and its counsel's letter of May 5, 2010, with enclosure of <u>Cooper v. New York Central Mutual Fire Ins. Co.</u>, No. CA 09-02108 (4th Dep't Apr. 30, 2010).
     In opposition, plaintiffs submit their attorney's affirmation (with exhibits), memorandum of law, Docket No. 28, and their counsel's responding letter to the defense's <u>Cooper</u> letter, letter of May 6, 2010.

**BACKGROUND**

This is a removed diversity[2] breach of covenant of good faith and fair dealing and New York General Business Law § 349 action, seeking damages for breach of an insurance contract (Docket No. 1, Notice of Removal). Plaintiffs (parents Robert and Joell Runge and their daughter Rebecca) sued defendant insurer for failing to reimburse them for the costs of replacing their home following a fire (id., Ex. A, Compl. ¶ 1). In particular, the First Cause of Action alleges a breach of the insurance contract and refusal by defendant to reimburse plaintiffs (id. ¶¶ 56-66). Plaintiffs claim to have suffered consequential damages (such as lost income and attorneys' fees) as a result of defendant's bad faith (id. ¶ 65). Since defendant's actions were also directed to the public at large, plaintiffs also seek punitive damages (id. ¶ 66). Their Second Cause of Action alleges that defendant violated New York General Business Law § 349[3] (id. ¶¶ 68-71). Plaintiffs seek actual damages (of no less than $500,000) plus treble damages and attorney's fees (id.).

---

[2]Plaintiffs are New York residents and defendant is a Pennsylvania corporation, Docket No. 1, Notice of Removal ¶ 5.

[3]This act prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state," N.Y. Gen. Bus. L. § 349(a), with provisions for enforcement by the Attorney General, id. § 349(b), (c), (f). Under another provision of this act,
> "In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff,"

id. § 349(h).

Defendant removed this action to this Court (id.) and answered on September 14, 2009 (Docket No. 6). The Court later entered a Scheduling Order (Docket No. 15). Plaintiffs then moved to compel and to extend the Scheduling Order (Docket No. 18), which was granted (Docket No. 23).

*Defendant's Motion for Judgment on Pleadings*

On March 25, 2010, defendant moved for judgment on the pleadings (Docket No. 24), seeking dismissal of plaintiffs' claims for bad faith/punitive damages, consequential damages, treble damages for the alleged violation of General Business Law § 349 (in the Second Cause of Action), and recovery of attorney's fees (id., Notice of Motion), leaving plaintiffs' breach of contract claims.

Plaintiffs respond that defendant waited past initial pleadings to make its Rule 12(c) motion. They reaffirm their General Business Law § 349 claims for false and deceptive practices, concluding that they sufficiently alleged such claims, see Wilner v. Allstate Ins. Co., 893 N.Y.S.2d 208, 214-15 (2d Dep't 2010), including for attorney's fees under that statute, see id. at 218-19 (Docket No. 28, Pls. Memo. at 2). They contend that consequential damages are available for a claim of breach of the covenant of good faith and fair dealing (id. at 7-8). Plaintiff next argue that they are entitled to punitive damages because they allege an independent tort–violation of the New York State Insurance Law–that rendered defendant's conduct sufficiently egregious for punitive damage relief (id. at 9-10). Plaintiffs urge that the Court disregard defendant's additional submissions in its moving papers beyond the pleadings or documents referred to therein (id. at 3; cf. Docket No. 24, Exs. C, D).

3

Defendant replies that its present motion is timely under Rule 12(c) since it was brought with enough time so as not to delay a trial (Docket No. 30, Def. Atty. Reply Aff. ¶¶ 4-7) and denies any connection with plaintiffs' motion to compel (id. ¶¶ 8-9). Defendant also denies any need to convert this motion into one for summary judgment, alternatively proposing that this Court disregard any extraneous materials aside from the pleadings in deciding its motion to dismiss (id. ¶¶ 10-13), arguing that the exhibits were presented as mere background information for the Court (id. ¶ 11).

Defendant next contends that plaintiffs cannot meet the pleading standard under New York State law (id. ¶ 13). Defendant argues that plaintiffs do not have a General Business Law § 349 claim because what is alleged here is a private contract dispute unique to the parties rather than a marketing scheme that affects the general public, see New York Univ. v. Continental Ins., 87 N.Y.2d 308, 320, 639 N.Y.S.2d 283, 290 (1990) (id. ¶¶ 15-18, 19); Cooper v. New York Cent. Mut. Fire Ins. Co., No. CA 09-02108, 2010 N.Y. App. Div. LEXIS 3519, at *4-5 (4th Dep't Apr. 30, 2010) (letter of Marco Cercone, Esq., to Chambers, May 5, 2010, enclosure[4]). Defendant contends that, since consequential damages were not contemplated under the insurance policy, then the damages were not foreseeable and plaintiff hence failed to plead that relief (id. ¶¶ 20-23). Finally, the statutes and insurance regulations plaintiffs rely upon for their punitive damages claim do not furnish a private right of action (id. ¶¶ 24-29).

---

[4]Plaintiffs dispute whether Cooper established new law and deny that that case (and the others cited by defendant) are controlling here, letter of Alicia Rood, Esq., to Chambers, May 6, 2010. The Court agrees that Cooper makes no new law, but refers to that case as reiteration of New York law on this subject.

4

**DISCUSSION**

I.     General Business Law § 349

This section prohibits "deceptive acts or practices in the conduct of any business, trade or commerce," N.Y. Gen. Bus. Law § 349(a), enforced by the state Attorney General or "any person who has been injured by reason of any violation of this section," id. § 349(h), as a private attorney general. The act provides for recovery of actual damages or nominal damages of $50, treble damages up to $1,000, and recovery of reasonable attorney's fees, id.

New York courts have distinguished broader harms to the marketplace governed by § 349 from private wrongs suffered by individuals. A "violation of General Business Law § 349 is fairly straight forward and should identify consumer-oriented misconduct which is deceptive and materially misleading to a reasonable consumer, and which causes actual damages," Wilner, supra, 893 N.Y.S.2d at 214. To state a § 349 claim "'a plaintiff must allege that the defendant has engaged in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof,'" id. (quoting Small v. Lorillard Tobacco Co., 94 N.Y.2d 43, 55, 698 N.Y.S.2d 615, 620 (1999), quoting in turn Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 532 (1995)). "In connection with the character of General Business Law § 349 as a broad consumer protection statute and the requirements that the complained of conduct have a 'broad impact on consumers at large,' the statute does not apply to private contract disputes unique to the parties," id. at 215; see Oswego Laborers, supra, 85 N.Y.2d at 25, 623 N.Y.S.2d at 532; see also Cooper, supra, 2010 N.Y. App. Div. LEXIS 3519, at *4. A plaintiff alleging a violation of this statute needs to establish as a threshold that defendant's acts had a broad impact on consumers at large and were

5

not merely a contractual dispute unique to those parties before plaintiff may show that a prima facie case on engaging in a deceptive practice exists, New York Univ., supra, 87 N.Y.2d at 320, 639 N.Y.S.2d at 290.

II.     Motion For Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c) for judgment on pleadings, all well pleaded factual allegations are assumed to be true and to be construed in the light most favorable to the petitioner, Patel v. Searles, 305 F.3d 130, 134 (2d Cir. 2002), cert. denied, 538 U.S. 907 (2003); Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57, 61 (2d Cir. 1985), but this presumption under Rule 12(c) does not apply to conclusory allegations, BCCI Holdings v. Pharaon, 43 F. Supp. 2d 359, 364 (S.D.N.Y. 1999). This standard similar to that for a motion to dismiss for failure to state a claim under Rule 12(b)(6), Wynn v. Welch, 941 F. Supp. 28, 29 (N.D.N.Y. 1996) (Pooler, J.); see Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). A motion under Rule 12(c) should be granted if the moving party is entitled to judgment as a matter of law, Burns Int'l Sec. Serv. v. International Union, 47 F.3d 14, 16 (2d Cir. 1994). "[A]ll allegations in the complaint are true, draw all inferences in favor of the plaintiff, and affirm only if the plaintiff fails to provide factual allegations sufficient 'to raise a right to relief above the speculative level,'" In re Ades & Berg Group Investors, Ades & Berg Group Investors v. Breeden, 550 F.3d 240, 243 (2d Cir. 2008); see Price v. New York State Bd. of Elec., 540 F.3d 101, 107 (2d Cir. 2008) (Docket No. 28, Pls. Memo. at 1). Like a Rule 12(b)(6) motion, a Rule 12(c) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). However,

conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

III.   Preliminary Matters

Two other procedural matters next need to be addressed, whether this motion to dismiss should be converted (and then dismissed) as a motion for summary judgment and whether this motion is untimely.

   A.   Conversion into Summary Judgment Motion

Plaintiffs oppose defendant's motion to dismiss, in part, because defendant included in its moving papers materials beyond the pleadings and those documents incorporated into the pleadings by reference (Docket No. 28, Pls. Memo. at 3, Pls. Atty. Aff. ¶ 3). Plaintiffs complain that defendant attached the unverified responses to plaintiffs' Interrogatories and an unsigned draft report of the defense expert (id., Pls. Memo. at 3; Docket No. 24, Def. Atty. Aff. Exs. C, D). Defendant counters that the Court could disregard the offending exhibits and limit its focus on the pleadings (cf. Docket No. 24, Def. Atty. Aff. Ex. A) and the policy at issue, referenced in those pleadings (cf. id. Ex. B) and not convert this motion into a summary judgment motion (Docket No. 30, Def. Atty. Aff. ¶¶ 10-13). Defendant claims that it presented the other exhibits as background (id. ¶ 11).

The Court does not need the background exhibits to evaluate whether the Complaint states a claim or whether defendant is entitled to judgment on the pleadings. Therefore, the motion **should not be converted into one for summary judgment**. Additionally, defendant's

argument that it did not engage in deceptive or misleading acts (Docket No. 24, Def. Memo. at 14-17, Docket No. 24, Def. Atty. Aff. Ex. C) **should not be considered in this motion for judgment on the pleadings**.

  B. Timeliness of Motion

Plaintiffs next contend that defendant's motion is somehow untimely. While a Rule 12(c) motion often is made as an initial responsive motion, like the motions to dismiss under Rule 12(b), the present motion **is timely** despite the time that has passed since the initial pleadings were filed since it was filed well before a trial.

IV. Application

  A. General Business Law § 349 Claims

Defendant's present motion seeks to dismiss claims and relief tied to plaintiffs' claims under General Business Law § 349. The issue here is whether plaintiffs' claims assert allegations against the general public rather than mere private contract dispute between them and defendant insurer.

Plaintiffs allege that the Complaint alleges that defendant's handling of their claim and those of similarly situated insureds violates § 349 (Docket No. 1, Notice of Removal, Ex. A, Compl. ¶¶ 19-20, 69, 23-54; Docket No. 28, Pls. Memo. at 2). The allegations the plaintiffs point to, however, are the specifics of their claim under the policy and do not assert a more general action by defendant (cf. Docket No. 1, Ex. A, Compl. ¶¶ 19-20, 23-54). The reason plaintiffs claim that defendant's offer was below what plaintiffs deem to be replacement value stems from plaintiffs' belief that "market value" or "appraised value" were "not proper measures of the replacement value of homes in Western New York," (id. ¶ 19). Plaintiffs claim actions

that defendant engaged in were substantially the same conduct with other New Yorkers (especially those who also purchased Ultracover Endorsement coverage) (id. ¶ 64, see id. ¶ 67, repeating and realleging prior allegations for second cause of action) and in deceptive acts, such as "exerting economic pressure on its insured, including the Plaintiffs, in an effort to coerce them to accept a settlement less than the full amount they are entitled to under the Policy purchased by the Plaintiffs" (id. ¶ 69) and defendants coerced plaintiffs "as well as other insures, into accepting less than the amounts they are entitled to receive under their homeowners' insurance policies" (id. ¶ 70). The underlying nature of this dispute is the valuation of replacement value for plaintiffs' home, without alleging how widespread either the policy provision was or defendant's construction of it to other insureds. Plaintiffs do not allege in the Complaint that the policy provisions at issue (the Erie Ultra Coverage Policy and the Ultracoverage Endorsement) are standard, although in arguing against this motion they term these provisions to be "standard policy provision[s]" (see Docket No. 28, Pls. Memo. at 6).

In cases holding plaintiffs alleged General Business Law § 349 claims against insurers, those parties alleged activities beyond those affecting themselves that showed the alleged deceptive activities affected others. In the first Gaidon v. Guardian Life Insurance Company of America decision, 94 N.Y.2d 330, 342, 704 N.Y.S.2d 177, 183 (1999), the New York Court of Appeals held that the plaintiff there alleged a § 349 claim where the complaint claimed that defendant insurer marketed policies that mislead insureds that they had promises of "vanishing" premiums. In Wilner, the Appellate Division also held plaintiffs alleged a § 349 claim in showing that the subrogation provision in policies that the insureds had to protect the defendant insurer's interest (including commencing litigation to protect the subrogated rights) was not

9

unique to plaintiffs but was contained in every similar homeowners' policy issued by that defendant insurer, supra, 893 N.Y.S.2d at 216. This alleged conduct "has a 'broad impact on consumers at large' and [was] thus consumer oriented," id. at 216.

Defendant relies upon (among other cases, see Docket No. 24, Def. Memo. at 10; Docket No. 30, Def. Atty. Reply Aff. ¶ 15) New York University, supra, 87 N.Y.2d at 320, 639 N.Y.S.2d at 290, and Oswego Laborers' Local 214, supra, 85 N.Y.2d at 25, 623 N.Y.S.2d at 532. In New York University, the university negotiated a non-standard insurance policy that was tailored to meet the university's needs, hence the court held that defendant insurer's conduct was not broadly consumer oriented, 87 N.Y.2d at 321, 639 N.Y.S.2d at 290. On the other hand, in Oswego Laborers' Local 214, the court held that the defendant bank's acts fell "within the 'consumer-oriented' ambit of General Business Law § 349," where the plaintiff union pension fund representatives were treated like any other depositor and were given the same documents as any other potential customer would receive in opening an account, 85 N.Y.2d at 26-27, 623 N.Y.S.2d at 533.

Here, plaintiffs allege that defendant's deceptive acts are similar to those committed against others in Western New York, or holders of Ultracover Endorsement policy. Under Wilner, plaintiffs have alleged claims that have a broad impact on consumers at large and have thus alleged General Business Law § 349 claims (including for statutory treble damages); defendant's motion for judgment on the pleadings dismissing such a claims should be **denied**. As a result, plaintiffs' claim for attorney's fees under that statute also **should not be dismissed** on this motion , see Wilner, supra, 893 N.Y.S.2d at 218-19 (Docket No. 28, Pls. Memo. at 7).

B.   Consequential Damages

Consequential damages are recoverable for a breach of covenant of good faith and fair dealing claims, see Panasia Estates, Inc. v. Hudson Ins. Co., 10 N.Y.3d 200, 203, 856 N.Y.S.2d 513 (2008) (on motion for partial summary judgment) (Docket No. 28, Pls. Memo. at 7; cf. Docket No. 24, Def. Memo. at 22-23); see also Bi-Economy Mkt. v. Harleysville Ins. Co. of N.Y., 10 N.Y.3d 187, 856 N.Y.S.2d 505 (2008) (denying defendant's motion for leave to amend answer to assert defense of contractual exclusion of consequential damages), as alleged by plaintiffs here.  Defendant cites to breach of contract cases (Docket No. 24, Def. Memo. at 18-23) to distinguish plaintiffs' claims to consequential damages and concluding that, for a breach of contract claim, in order to be awarded consequential damages they must be foreseeable to the parties (id. at 23).  Plaintiffs have alleged, at this pleading stage, a claim for consequential damages under their first cause of action.  Defendant cannot show that it is entitled to judgment as a matter of law at this time to deny this relief; defendant's motion for judgment on the pleadings to the contrary should be **denied.**

C.   Punitive Damages

Plaintiffs also seek punitive damages under their first cause of action (Docket No. 1, Notice of Removal, Ex. A, Compl. ¶ 66); but cf. Wilner, supra, 893 N.Y.S.2d at 218 (plaintiffs there alleging punitive damages under General Business Law § 349 claim and not under breach of contract claim).  Defendant argues that, under New York law, punitive damages are not available in private actions against insurers for breach of the policy, see New York Univ., supra, 87 N.Y.2d 308, 639 N.Y.S.2d 283; Rocanova v. Equitable Life Assur. Soc'y of the U.S., 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 342-43 (1994) (Docket No. 24, Def. Memo. at 4-6), that

plaintiffs needed to allege that defendant's conduct was "'activated by evil or reprehensible motives,'" Cooper, supra, 2010 N.Y. App. Div. LEXIS 3519, at *5, quoting Gravitt v. Newman, 114 A.D.2d 1000, 1002, 495 N.Y.S.2d 439, 441 (2d Dep't 1985), in order to assert punitive damages claims. Plaintiffs respond that they assert an independent tort–violation of New York Insurance Law and regulations requirement that defendant make a "reasonable offer" to settle their claims (Docket No. 28, Pls. Memo. at 9, 5, citing 11 N.Y.C.R.R. § 216.6(a))–to warrant punitive damages (id. at 9-10).

In Rocanova, supra, 83 N.Y.2d at 613, 612 N.Y.S.2d 339, 342-43, the New York Court of Appeals held that damages arising from a breach of contract are ordinarily limited to "the contract damages necessary to redress the private wrong, but that punitive damages may be recoverable if necessary to vindicate a public right," New York Univ., supra, 87 N.Y.2d at 315, 639 N.Y.S.2d at 287. Punitive damages "are available only in those limited circumstances where it is necessary to deter defendant and others like it from engaging in conduct that may be characterized as 'gross' and morally reprehensible,' and of '"such wanton dishonesty as to imply a criminal indifference to civil obligations,"'" New York Univ., supra, 87 N.Y.2d at 316, 639 N.Y.S.2d at 287, quoting Rocanova, supra, 83 N.Y.2d at 614, 612 N.Y.S.2d at 343, quoting in turn Walker v. Sheldon, 10 N.Y.2d 401, 405, 223 N.Y.S.2d 488, 491 (1961). In order to state a claim for punitive damages as an "additional and exemplar remedy when the claim arises from breach of contract," plaintiff must allege that defendant's conduct is actionable as an independent tort, New York Univ., supra, 87 N.Y.2d at 316, 639 N.Y.S.2d at 287.

In the New York University case, the Court of Appeals held that plaintiff's cause of action (that the defendant insurer violated New York Insurance Law § 2601, the unfair claim

settlement practices provision) did not create a private right of action to furnish an independent tort for punitive damages, New York Univ., supra, 87 N.Y.2d at 317-18, 639 N.Y.S.2d at 288; see also Rocanova, supra, 83 N.Y.2d at 614-15 & 614 n.*, 612 N.Y.S.2d at 343 & n.* (citing cases). Here, plaintiffs now argue that defendant violated its regulatory duty to make a reasonable offer to them, pursuant to 11 N.Y.C.R.R. § 216.6(a) (Docket No. 28, Pls. Memo. at 9-10, 5). Like in the New York University case, that regulation, authorized by Insurance Law § 2601, does not create a private right of action, hence is not a basis for an independent tort to establish punitive damages liability. As a result, defendant's motion for judgment on the pleadings dismissing this relief should be **granted**.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion for judgment on the pleadings (Docket No. 24) seeking dismissal of certain claims be **granted in part, denied in part**. In particular, defendant's motion for judgment dismissing plaintiffs' punitive damage claims should be **granted**, while its remaining motion, seeking dismissal of plaintiffs' General Business Law § 349 claims (including for statutory treble damages), attorney's fees, and consequential damages relief, should be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report &**

**Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                                  /s/ Hugh B. Scott
                                                  Hon. Hugh B. Scott
                                            United States Magistrate Judge

Dated: Buffalo, New York
       May 24, 2010